IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM E. MONROE,**<br><br>        Plaintiff,<br><br>    v.<br><br>**JEWEL OSCO,**<br><br>        Defendant. | No. 18-CV-1499<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Mary M. Rowland |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Jewel Food Stores, Inc. (incorrectly named as "Jewel Osco") ("Jewel" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., and for its *Answer And Affirmative Defenses To Plaintiff's Amended Complaint* [Doc. No. 14], states as follows:

1. This is an action for employment discrimination.

**ANSWER:** Defendant admits that Plaintiff has filed a claim alleging employment discrimination but denies that Plaintiff was subjected to unlawful discrimination or is entitled to any relief.

2. The plaintiff is William E. Monroe of the County of Cook in the State of Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3. The defendant is Jewel Osco, whose street address is 150 E. Pierce Road, Itasca, Illinois. Defendant's telephone number is 630-948-6000.

**ANSWER:** Defendant admits the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4. The plaintiff sought employment or was employed by the defendant at 7530 S. Stony Island, Cook County, Illinois 60619.

**ANSWER:** Defendant admits the allegations in Paragraph 4 of Plaintiff's Amended Complaint. Answering further, Defendant admits that Plaintiff is currently employed by Defendant at Store #3344 located at 1220 South Ashland Avenue, Chicago, Illinois.

5. [Plaintiff's Amended Complaint is missing Paragraph 5].

**ANSWER:** No answer is required.

6. [Plaintiff's Amended Complaint is missing Paragraph 6].

**ANSWER:** No answer is required.

7. [Plaintiff's Amended Complaint is missing a portion of Paragraph subsection 7(a) and Plaintiff failed to indicate any response to Paragraph subsections 7(b) or 7(c)].

**ANSWER:** No answer is required to Paragraph 7 of Plaintiff's Amended Complaint.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on December 8, 2017, a copy of which *Notice* is attached to this complaint.

**ANSWER:** Defendant admits the EEOC issued its *Dismissal and Notice of Rights* on or around December 8, 2017. Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegation regarding when Plaintiff received the *Dismissal and Notice of Rights* and that allegation is accordingly denied.

9. The defendant discriminated against the plaintiff because of the plaintiff's Disability (Americans with Disabilities Act or Rehabilitation Act).

**ANSWER:** Plaintiff's allegations in Paragraph 9 are subject to *Defendant's Motion To Dismiss Plaintiff's Amended Complaint* [Doc. No. 21], and therefore, no answer related to these

allegations is required at this time. To the extent an answer is required, Defendant denies the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:** No answer is required to Paragraph 10 of Plaintiff's Amended Complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:** Defendant admits this Court has jurisdiction over this action but denies that Plaintiff is entitled to any relief.

12. The defendant: (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above; and (h) other (specify): violated the ADA 2008 Enforcement Guidance Pg. 1 of 6.

**ANSWER:** Plaintiff's claims in Paragraph 12 of his Amended Complaint are subject to *Defendant's Motion To Dismiss Plaintiff's Amended Complaint* [Doc. No. 21], and therefore, no answer related to these allegations is required at this time. To the extent an answer is required, Defendant denies the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13. The facts supporting the plaintiff's claim of discrimination are as follows: See Attached Ex A thru U.

**ANSWER:** Plaintiff's claims in Paragraph 13 of his Amended Complaint are subject to *Defendant's Motion To Dismiss Plaintiff's Amended Complaint* [Doc. No. 21], and therefore, no answer related to these allegations is required at this time. To the extent an answer is required, Defendant denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and

willfully discriminated against the plaintiff.

**ANSWER:** Plaintiff does not claim age discrimination. Thus, no answer is required to Paragraph 14 of Plaintiff's Amended Complaint.

15. The plaintiff demands that the case be tried by a jury.

**ANSWER:** Defendant admits the allegation in Paragraph 15 of Plaintiff's Amended Complaint. Defendant does not demand a jury trial.

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff: (f) relief of $132,000 4 year salary payout; (g) [i]f available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief sought in Paragraph 16 of Plaintiff's Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, his claims for relief are barred. Plaintiff alleges that he was discriminated against based on his disability and retaliated against on or before September 28, 2017. Plaintiff appears to have filed a Charge of discrimination with the EEOC and IDHR on or about September 29, 2017; Plaintiff has not filed any other charges of discrimination within the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred to the extent that it fails to satisfy all requisite conditions precedent to filing this action.

**THIRD AFFIRMATIVE DEFENSE**

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations for the filing of an administrative charge of discrimination with the EEOC or the IDHR; or (b) for alleged incidents of discrimination or retaliation not listed in his charge; or (c) against parties not named in any administrative charge, Plaintiff may not recover any relief for such incidents or against any such parties.

**FOURTH AFFIRMATIVE DEFENSE**

The employment decisions about which Plaintiff complains were based upon legitimate, nondiscriminatory factors and not a discriminatory or unlawful animus.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's prayer for relief must fail to the extent that he has failed to mitigate his damages as required by law. Alternatively, if Plaintiff did mitigate his alleged damages, Defendant is entitled to an offset against any damages allegedly due Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages and hence can only recover nominal damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Any request by Plaintiff for punitive damages fails because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights and at all times acted in good faith.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has suffered any damages, such damage was caused by and is the responsibility of persons, parties, or entities other than Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff's disability claims are barred on the grounds and to the extent that Plaintiff could not perform the essential functions of the job with or without accommodation.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of the case. Defendant will rely upon each and every defense that may become known during the course of this litigation, including discovery, trial, or otherwise.

To the extent that any of the foregoing allegations in the Complaint have not been

expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendant Jewel Food Stores, Inc. prays that Plaintiff William Monroe's Amended Complaint be dismissed in its entirety and with prejudice, that Plaintiff take nothing by this Amended Complaint, and that the Defendant be awarded its reasonable costs and such other relief as this Court deems proper.

Dated: June 11, 2018

Respectfully submitted,

JEWEL FOOD STORES, INC.

By: */s/ Stephanie L. Mills-Gallan*
One of Its Attorneys

Jennifer L. Schilling
Stephanie L. Mills-Gallan
Littler Mendelson, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
*jschilling@littler.com*
*smillsgallan@littler.com*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on June 11, 2018, she caused a copy of ***Defendant's Answer and Affirmative Defenses To Plaintiff's Amended Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which will send notification of such filing to the following party:

William E. Monroe<br>
1120 E. 82nd Street<br>
Chicago, IL 60619<br>
*williammonroe90@gmail.com*

                    */s/Stephanie Mills-Gallan*
                    Stephanie Mills-Gallan

Firmwide:155130176.1 093117.1004