IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM E. MONROE,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JEWEL-OSCO,**<br><br>    Defendant. | No.  18-cv-01499<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge Jeffrey Cole |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.   INTRODUCTION**

Defendant Jewel Food Stores, Inc. (incorrectly named as "Jewel-Osco") ("Jewel"), by and through its attorneys, Littler Mendelson, P.C., moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss the Second Amended Complaint (the "SAC") [Doc. No. 46] of Plaintiff William Monroe ("Plaintiff").

In his SAC, Plaintiff asserts two claims against Jewel: (1) failure to accommodate, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) retaliation.  His claims all derive from his contention that Jewel failed to accommodate his disability and retaliated against him by seeking clarifying information regarding Plaintiff's requested accommodations, thereby delaying Plaintiff's return to work from August 13, 2017 to October 2, 2017.  As set forth in more detail below, Plaintiff fails to state a plausible violation of the ADA because Jewel satisfied its obligations in the ADA interactive process, but Plaintiff did not.  Likewise, Plaintiff's retaliation claim is fatally deficient because it fails to causally connect his complaint to his return to work date.  In sum, Plaintiff's SAC fails to state a single plausible

claim for relief against Jewel. The Court should therefore dismiss all his claims with prejudice.

## II.     RELEVANT FACTUAL ALLEGATIONS[1]

Plaintiff has been employed with Jewel since 2006. (SAC p. 2). He currently works as a part-time Loss Prevention Officer at the Jewel store located at 1220 South Ashland Avenue, Chicago, Illinois. (*Id.* p. 2).

On or around January 28, 2017, Plaintiff went out on an indefinite multi-month medical leave of absence based on a diagnosis of end stage renal disease. (*Id.* p. 3). During his leave of absence, Plaintiff was required to report his medical status to Jewel's third-party leave administrator on a regular basis. (*Id.* p. 3). On June 21, 2017, Plaintiff was notified of Jewel's return-to-work procedures, and specifically advised that he was <u>not</u> required to be free of all medical restrictions to return to work but instead could request reasonable accommodation. (*Id.* p. 4, Ex. C). On August 8, 2017 (after more than 6 months' leave), Plaintiff provided Jewel with a letter from his physician releasing him to return to work starting August 13, 2017, with the stated restrictions that Plaintiff could only work Tuesdays, Thursdays, and Sundays after 7:30 p.m. for not more than seven hours and could lift/push/pull no more than 50 pounds. (*Id.* p. 4, Ex. D). Sundays are a mandatory overtime day. (*Id.* p. 2). Jewel's ability to accommodate Plaintiff's request was subject to the operating hours and Loss Prevention shift schedules of the store where he worked. Following receipt of this letter, Jewel's Accommodation Coordinator, attempted to gather more information regarding these restrictions, and requested that Plaintiff provide a release so that Jewel could receive more information from his physician. (*Id.* pp. 5-6, Exhibits G, J). On August 14, 2017, Plaintiff informed Jewel that he would not sign the release. (*Id.* p. 5). On August 30, 2017 Jewel advised Plaintiff that it required a release so that it could

---

[1] Consistent with Rule 12(b)(6), Jewel assumes the factual allegations in the Complaint are true for purposes of this Motion only. Jewel reserves the right to challenge the veracity of the allegations to the extent the matter proceeds.

evaluate his need for a reasonable accommodation. (*Id.* p. 6, Ex. J). While Jewel waited for more information, which required the signed release, Plaintiff was on an unpaid leave of absence. (*Id.* p. 7). Plaintiff's physician refused to provide Jewel with additional information about Plaintiff's stated limitations and requested accommodation without a signed release from his patient. (*Id.* p. 6, Exs. H-I). Plaintiff repeatedly refused to sign such a release. (*Id.* pp. 6-7, Exs. J-K). Plaintiff refused to participate in this interactive process and by letter dated September 6, stated that he would not provide any further information based on "the Right to Privacy Act." (*Id.* pp. 6-7, Ex. K). Nevertheless, Jewel accommodated Plaintiff's requested work schedule and Plaintiff returned to work on October 2, 2017. (*Id.* p. 9).

Plaintiff filed a Charge with the EEOC on or around September 29, 2017 claiming disability discrimination and retaliation. (*Id.* p. 7; Ex. M).

### III. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Courts should grant a Rule 12(b)(6) motion to dismiss when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Doe v. Village of Oak Park*, 863 F. Supp. 797, 798 (N.D. Ill. 1994) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

IV.     ARGUMENT

      A.     **Plaintiff's Failure To Accommodate Claim Fails Because Jewel Granted Plaintiff the Exact Accommodation He Requested**

Plaintiff contends that Jewel failed to accommodate his disability by seeking clarifying information regarding Plaintiff's requested accommodations, thereby delaying Plaintiff's return to work from August 13, 2017 to October 2, 2017. However, Jewel ultimately returned Plaintiff to work with the *exact* schedule he requested, despite Plaintiff's refusal to cooperate in the interactive process.

The ADA obligates employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless such accommodation would impose an undue hardship on the operation of the business. 42 U.S.C. § 12112(b)(5); 29 C.F.R. § 1630.9. As part of this obligation, the employer and employee must engage in an "interactive process" in order to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." 29 C.F.R. § 1630.2(o)(3). After an employee discloses a disability and requests job modification, "the employer has the burden of exploring with the worker the possibility of a reasonable accommodation." *Hansen v. Henderson*, 233 F.3d 521, 523 (7th Cir. 2000). An employer is not obligated to provide the employee with the accommodation he requests or prefers but need only provide some reasonable accommodation. *Mobley v. Allstate Ins., Co.*, 531 F.3d 539, 546-47 (7th Cir. 2008). Therefore, the interactive process "should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." *Coleman v. Caterpillar, Inc.*, No. 1:15-cv-01001, 2017 WL 3840423, at *5 (N.D. Ill. Sept. 17, 2017) (citing 29 C.F.R. § 1630.2(o)(3)). A breakdown in the interactive process is only actionable if it prevents identification of a reasonable accommodation that would have

enabled the employee to perform the essential functions of the job. *See Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 292 (7th Cir. 2015).

Here, Jewel satisfied its obligations in the ADA interactive process. Plaintiff, however, did not. When an employer takes an active, good faith role in the interactive process, it will not be liable if the employee refuses to participate or withholds essential information. *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 806 (7th Cir. 2005). "An employee who fails to uphold her end of the bargain – for example, by not 'clarifying the extent of her medical restrictions' – cannot impose liability on the employer for its failure to provide a reasonable accommodation." *Hoppe v. Lewis University*, 692 F.3d 833, 840 (7th Cir. 2012) (citing *Steffes v. Stepan Co.*, 144 F.3d 1070, 1073 (7th Cir. 1998)); *Brown v. Milwaukee Bd. of Sch. Directors*, 855 F.3d 818, 824 (7th Cir. 2017) (the school was found not liable where it sought clarification numerous times, but plaintiff did not provide clarification and instead responded with the same explanation); *Keen v. Merck Sharp & Dohme Corp.*, No. 15-CV-1178, 2018 WL 1156203, at *10-11 (N.D. Ill. Mar. 5, 2018) (the employee's failure to provide further information to the employer to support her requested accommodation meant she "failed to hold up her end of the interactive process.").

The doctor's notes presented by Plaintiff severely limited his work availability. Because Jewel's ability to accommodate Plaintiff's request was subject to the operating hours and Loss Prevention shift schedules of the store where he worked, Jewel needed additional information in order to understand Plaintiff's scheduling restrictions, as was its right. *See* 29 C.F.R. § 1630.14(c)(1), Appendix § 1630.14(c) (an employer has the right to "make inquiries into the ability of an employee to perform job-related functions" to determine how it can effectively accommodate the employee's limitations). Moreover, Jewel needed to understand why Plaintiff was limited to working Sundays, which was a mandatory overtime day, and not

perhaps Saturday. Plaintiff's requested schedule would have provide him with guaranteed overtime every Sunday. Jewel asked Plaintiff to sign an authorization so that Plaintiff's physician could provide clarification about the requested accommodations to Jewel but Plaintiff repeatedly refused. Plaintiff's physician refused to provide any further information to Jewel absent such an authorization.

Regardless, Jewel ultimately accommodated Plaintiff by returning him to work with the exact schedule he requested. Jewel has exceeded the ADA's minimum requirements, and any failure to accommodate claim must be dismissed. *See, e.g.*,[2] *Mobley*, 531 F.3d at 547 (ADA did not require employer to provide employee with a modified work schedule for certain days off each week in order to accommodate her disability); *Steffes*, 144 F.3d at 1072-73 (summary judgment granted to employer where doctor's letter was deficient because it did not reflect the actual conditions in the workplace, and the employee did not attempt to get more comprehensive assurances from her physician in response to the company's concerns); *Hoppe*, 692 F.3d at 841 (finding no genuine dispute on employer's good faith attempt to engage in interactive process where doctor failed to respond to at least two letters requesting specific information about necessary accommodations and employer offered accommodations regardless).

**B.** **Plaintiff's Retaliation Claim Is Fatally Deficient Because He Cannot Show That He Suffered An Adverse Action *Because* He Engaged In A Statutorily Protected Activity**

Plaintiff also contends that Jewel delayed his return to work until October 2, 2017 in retaliation for Plaintiff's August 9, 2017 complaint to the employee hotline, reporting a statement purportedly made by his supervisor that Plaintiff could not return to work unless he was 100% restriction free. In order to state a viable claim of retaliation, Plaintiff must prove: "(1) a

---

[2] *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("there's nothing wrong with relying on summary-judgment cases at the pleading stage to explain the substantive legal standards that apply to the case.")

statutorily protected activity; (2) an adverse action; and (3) a causal connection between the two." *Povey v. City of Jeffersonville,* 697 F.3d 619, 624 (7th Cir. 2012). Even assuming, *arguendo*, that the delay in Plaintiff's return to work constitutes an actionable adverse employment action, Plaintiff cannot causally connect his hotline complaint to his return to work date.

Plaintiff concedes that on June 21, 2017, well over a month before he even attempted to return to work, Jewel specifically advised him that he was <u>not</u> required to be free of all medical restrictions to return to work but instead could request reasonable accommodation. Plaintiff did, in fact, return to work *with* medical restrictions.

Plaintiff cannot show any causal evidence that Jewel delayed Plaintiff's return to work *because* of his hotline complaint, and not because of his refusal to engage in the interactive process. *See Burton v. Bd. of Regents*, 851 F.3d 690, 697 (7th Cir. 2017) (holding that plaintiff had not presented sufficient evidence of pretext so as to establish but-for causation).

**V.    CONCLUSION**

WHEREFORE, Defendant Jewel Food Stores, Inc. respectfully requests that the Court grant its *Motion To Dismiss Plaintiff's Second Amended Complaint* [Doc. No. 85] and dismiss Plaintiff's claims with prejudice, and further requests that it be granted such other relief as deemed appropriate by the Court.


[Signature is on next page]

Dated: June 30, 2020 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　JEWEL FOOD STORES, INC.


　　　　　　　　　　　　　　　　　　　　　By: */s/ Jennifer Schilling*
　　　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Jennifer L. Schilling
Jenna Kim
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone: 312.372.5520
Facsimile:  312.372.7880
*jschilling@littler.com*
*jekim@littler.com*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on June 30, 2020, she caused a copy of ***Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Second Amended Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (*electronic case filing*) system, which will send notification of such filing to the following party:

WILLIAM E. MONROE
1120 E. 82nd Street
Chicago, Illinois 60619
*williammonroe90@gmail.com*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jenna Kim*
　　　　　　　　　　　　　　　　　　　　　　　Jenna Kim

4850-6850-8083.1 093117.1004